IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE G. FLOWERS, | : | |
|         Plaintiff | : | |
| | : | |
|     v. | : | Civil Action No.: **12-4787 RBS** |
| | : | |
| CONNECT AMERICA.COM, LLC, | : | |
| | : | |
|         Defendant | : | |

## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant CONNECT AMERICA.COM, LLC ("Connect America") answers the Complaint of plaintiff George C. Flowers ("Flowers") as follows:

### Nature of the Action

1. Deny that Connect America is liable to Flowers for any amount of money on any of the legal or equitable theories alleged in Flowers' Complaint.

### Parties

2. Admit.

3. Admit.

4. Admit, upon information and belief.

### Jurisdiction and Venue

5. Admit that the parties are citizens of different states. Deny the remaining allegations of Paragraph 5 of the Complaint.

6. Admit.

Background

7. Admit.

8. Admit that in or about October of 2008 Flowers offered to be a "finder" for Connect America.   Deny the remaining allegations of Paragraph 8 of the Complaint.

9. Deny.

10. Deny.

11. Admit that a copy of an email dated November 11, 2008 authored by Ken Gross is attached to the Complaint as Exhibit A.   Deny the remaining allegations of Paragraph 11 of the Complaint.

12. Deny.

13. Deny.

14. Deny.   By way of further answer, Exhibit B speaks for itself.

15. Deny.   By way of further answer, Exhibit C speaks for itself.

16. Deny.   By way of further answer, Exhibit D speaks for itself.

17. Deny.

18. Deny.

19. Deny.   By way of further answer, Exhibit E speaks for itself.

20. Deny.

21. Admit that Connect America paid Flowers $49,2990.00 between March 10, 2009 and January 15, 2010 and that Exhibit F appended to Flowers' Complaint consists of copies of checks sent to Flowers by Connect America.   Deny the remaining allegations of Paragraph 21 of the Complaint.

22. Deny.

23. Deny.   By way of further answer, Exhibit G speaks for itself.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.   By way of further answer, Exhibit H speaks for itself.

30. Admit that Connect America was acquired by Rockbridge Growth Equity in or about January of 2011.   Deny the remaining allegations of Paragraph 30 of the Complaint.

31. Deny.   By way of further answer, Exhibit I speaks for itself.

32. Deny.

33. Deny.

34. Deny.

35. Deny.   By way of further answer, Exhibit J speaks for itself.

36. Deny.   By way of further answer, Exhibit K speaks for itself.

37. Deny.

## Count I – Breach of Contract

38. Connect America incorporates herein its answers to Paragraphs 1-37 of the Complaint.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny that Flowers has sustained any damages or other legally cognizable losses by reason of any action or failure to act on the part of Connect America.

> WHEREFORE, Connect America demands judgment in its favor and against Flowers, with costs taxed to Flowers.

## Count II – Quantum Meruit

51. Connect America incorporates herein its answers to Paragraphs 1-50 of the Complaint.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny that Flowers has suffered "injustice" or sustained any damages or other legally cognizable losses by reason of any action or failure to act on the part of Connect America. Further deny that Flowers is entitled to an award of attorneys fees.

> WHEREFORE, Connect America demands judgment in its favor and against Flowers, with costs taxed to Flowers.

## Count III – Promissory Estoppel

58. Connect America incorporates herein its answers to Paragraphs 1-57 of the Complaint.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

WHEREFORE, Connect America demands judgment in its favor and against Flowers, with costs taxed to Flowers.

## Count IV – Unjust Enrichment

63. Connect America incorporates herein its answers to Paragraphs 1-62 of the Complaint.

64. Deny.

WHEREFORE, Connect America demands judgment in its favor and against Flowers, with costs taxed to Flowers.

## Count V – Declaratory Judgment

65. Connect America incorporates herein its answers to Paragraphs 1-64 of the Complaint.

66. Deny.

67. Deny.

68. Deny.

69. Deny as stated.   By way of further answer, Connect America denies, *inter alia*, that it is liable to Flowers for any payment of money, for any reason.

70. Admit that an actual controversy exists between the parties, but deny that Flowers' Complaint states a justiciable claim for Declaratory Judgment.

71. WHEREFORE, Connect America demands judgment in its favor and against Flowers, with costs taxed to Flowers.

## Affirmative Defenses

72. Flowers' Complaint fails to state a claim upon which relief may be granted.

73. Some or all of the claims asserted in Flowers' Complaint are barred by the applicable statutes of limitations.

74. Some or all of the claims asserted in Flowers' Complaint must fail for lack of consideration.

75. Some or all of the claims asserted in Flowers' Complaint must fail for lack of a meeting of the minds with respect to material agreement terms.

76. To the extent that Flowers alleges that he "relied" upon his understanding of specified facts and circumstances, which allegations are specifically denied, Flowers' reliance was unreasonable.

77. At all material times, and in all ways, Connect America acted in good faith and in accordance with established and commercially reasonable industry standards.

78. Some or all of the claims asserted in Flowers' Complaint are barred by the doctrine of laches.

79. Some or all of the claims asserted in Flowers' Complaint are barred by the doctrine of laches.

80. Some or all of the claims asserted in Flowers' Complaint are barred by the doctrine of unclean hands.

81. Some or all of the claims asserted in Flowers' Complaint are barred by the doctrine of estoppel.

82. Some or all of the claims asserted in Flowers' Complaint are barred by the doctrine of accord and satisfaction.

83. Connect America never entered into a business relationship with Internet Alliance, Inc.

84. Although Connect America formed a business relationship with Electric Mobility, no sales were ever made and Electric Mobility is presently out of business.

85. Connect America formed a business relationship with Dr. Leonard's Healthcare independently of Flowers and without Flowers' direct or indirect participation.

86. Connect America has paid to Flowers all money to which he is entitled by reason of sales made to First Street.

87. Connect America's agreement to pay "introductory fees" to Flowers for sales to First Street was, by its very nature, of finite duration and terminable at any time by either party.

88. Connect America lawfully and properly terminated its First Street "introductory fee" agreement with Flowers at the end of 2009 because, *inter alia*: a) Flowers had become employed by a competitor of Connect America; b) First Street negotiated new business terms with Connect America for 2010 which provided less margin (from which Flowers' "introductory fee" was paid) to Connect America on product sales; and c) by the end of 2009 Connect America's business relationship with First Street had progressed beyond the "introduction" stage.


Date:  September 25, 2012         /s/ Bruce E. Rodger
                                 Bruce E. Rodger, Esquire (PA ID 29011)
                                 GALLAGHER, SCHOENFELD, SURKIN,
                                 CHUPEIN & DeMIS, P.C.
                                 25 W. Second Street
                                 Media, PA 19063
                                 Telephone: (610) 565-4600
                                 Facsimile: (610) 566-8257
                                 Email: brodger@gsscd.com
                                 *Attorney for Defendant*